IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNE MOWOD,                          )
                                       )
        Plaintiff,                     )        Civil Action No.
                                       )
        v.                             )
                                       )
PITTSBURGH BUSINESS TIMES,             )        JURY TRIAL DEMANDED
and AMERICAN CITY BUSINESS             )
JOURNALS,                              )
                                       )        ELECTRONICALLY FILED
        Defendants.                    )

COMPLAINT IN A CIVIL ACTION

COMES NOW the Plaintiff, JOANNE MOWOD, by and through her attorneys,

JOEL S. SANSONE, ESQUIRE, and JOHN W. MURTAGH, JR., ESQUIRE, and brings this

Complaint in a Civil Action of which the following is a statement:

PARTIES

1.      Plaintiff, Joanne Mowod, is an adult citizen of the Commonwealth of Pennsylvania

residing in Bethel Park, Pennsylvania 15102.

2.      Defendant, Pittsburgh Business Times, is a Delaware corporation, with its principle

Pennsylvania offices located at 2313 East Carson Street, Pittsburgh, Pennsylvania 15203.

3.      At all times relevant hereto, Defendant Pittsburgh Business Times was licensed to do

business under and by virtue of the laws of the Commonwealth of Pennsylvania and the statutes

of the United States.   At all times relevant hereto, Defendant Pittsburgh Business Times was

acting through its partners, directors, agents, parents, subsidiaries, officers, employees and

assigns acting within the full scope of their respective agency, office, employment or assignment.

4.     Defendant, American City Business Journals, is a North Carolina corporation with its principle offices located at 120 West Morehead Street, Suite 400, Charlotte, North Carolina 28202.

5.     Defendant American City Business Journals is the parent corporation of Defendant Pittsburgh Business Times, and at all times relevant hereto was licensed to do business under and by virtue of the laws of the Commonwealth of Pennsylvania and the statutes of the United States. At all times relevant hereto, Defendant American City Business Journals was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

6.     Defendants, Pittsburgh Business Times and American City Business Journals, are and at all times relevant to this Complaint have been employers in an industry affecting commerce within the meaning of the Fair Labor Standards Act, Section 701(b) of the Civil Rights Act of 1964 and 42 U.S.C. Section 2000e-5(3), and are thus covered by the provisions of ADEA.


## JURISDICTION AND VENUE

7.     This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment on account of age, which right is guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, 29 U.S.C.A. §621 et seq. (Age Discrimination in Employment Act ("ADEA")), as well as pendent state law claims. Declaratory relief is sought under and by virtue of Title 28 U.S.C. §§2201 and 2202.  Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§1331 and 1343(3).

8.      All, or substantially all, of the events, occurrences, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania, and therefore venue is appropriate under Title 28 U.S.C. §1391(b)(2) and (c).

9.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 626(d) of the ADEA, and in particular:

      a.      Plaintiff filed a charge for age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against both American City Business Journals and Pittsburgh Business Times on or about March 16, 2005, at charge numbers 172-2005-00673, and 172-2005-00674, and said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      b.      The EEOC issued a Notice of Dismissal and Right to Sue Letter dated June 10, 2005;

      c.      Plaintiff's Complaint is timely filed within 90 days of the Notice of Dismissal and Right to Sue being received.

10.      A **JURY TRIAL** IS DEMANDED ON ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

FACTUAL ALLEGATIONS

11.      At all times relevant to this cause of action, Plaintiff was employed by Defendant, Pittsburgh Business Times, as a salesperson, with a service commencement date of January 1999.

12.      Throughout Plaintiff's employment with Defendant, Pittsburgh Business Times, she has been more severely punished for alleged rules infractions solely because of her age, while other younger employees have received more favorable treatment, all of which has constituted and does constitute the deliberate, willful, intentional and pervasive practice of age discrimination.

13.      Plaintiff was 51 years old at the time of her termination.

14.     The incidents of discrimination based on age include, but are not limited to, being singled out and harassed by her supervisors; Tracy Merzi, Plaintiff's immediate supervisor, making age biased comments toward Plaintiff; being informed by Alan Robertson that nothing would be done regarding Plaintiff's internal complaints of age discrimination; being issued an unwarranted written reprimand; and being ultimately terminated.

15.     Plaintiff contacted Tammy Allison, in Defendant American City Business Journals' Human Relations Department, on or about December 8, 2003, and complained of the discriminatory treatment she was subjected to under Ms. Merzi.  Plaintiff reported that she had been singled out, harassed and treated unprofessionally in the presence of other employees by Ms. Merzi.  Plaintiff also made complaints that Ms. Merzi repeatedly ridiculed her, and that her tirades often included disparaging remarks about the Plaintiff's age.

16.     Following Plaintiff reporting this discriminatory action, Plaintiff was retaliated against by Ms. Merzi and Mr. Robertson.  Mr. Robertson informed Plaintiff that he would not investigate her claims, and that he would continue to support Ms. Merzi.  Following Plaintiff's complaints to Defendants' Human Relations department, Ms. Merzi, with the cooperation of Mr. Robertson, escalated her attacks against Plaintiff, including threatening her job.

17.     Ultimately, despite being one of the Defendant's leading sales persons, the Plaintiff was terminated on or about October 23, 2004, for an alleged lack of performance.

18.     The Defendants have a pattern and practice of terminating older individuals, including but not limited to Gloria Stirling, Lynn Glover, Jim Dudak, Diana Scott, Larry Slater, Suzanne Elliott and Maria Guzzo.

COUNT I
AGE DISCRIMINATION IN EMPLOYMENT ACT

19.     Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-18, inclusive, as if

the same were fully set forth at length herein.

20.     This is a proceeding under the ADEA for declaratory judgment as to the Plaintiff's rights

and for a permanent injunction restraining the Defendants from maintaining a policy, practice,

custom or usage of age discrimination against the Plaintiff because of her age with respect to her

continuation in employment and further with respect to the terms, conditions and privileges of

that employment, in such ways and by such means so as to deprive, as the Defendants have

deprived the Plaintiff of equal employment status because of her age.  This Count also seeks

restoration to the Plaintiff of all rights, privileges, benefits and income that she would have

received but for the Defendants' unlawful and discriminatory practices, as well as a make whole

remedy to compensate her for her injuries, losses and damages together with such exemplary,

punitive and liquidated damages as are provided by law.

21.     Plaintiff believes, and therefore avers, that she was maliciously, willfully and

intentionally discriminated against, and/or treated with reckless indifference to her rights under

law, in the terms and conditions of her employment because of her age in that she was

discriminated against as aforementioned.

22.     As a result of the Defendants' actions, Plaintiff has been substantially and illegally

harmed and has suffered and continues to suffer deprivation of employment, financial losses and

benefits, other perquisites of employment and fair treatment.  In addition, Plaintiff has suffered

continuing emotional and physical distress and injury, embarrassment and humiliation caused by

the Defendants, their managers, supervisors, employees, agents, attorneys, and other officials.

23.     The actions of the Defendants in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendants without being subjected to age discrimination constitutes a violation of the ADEA.

24.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendants, and this suit for compensatory and injunctive relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' age discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

25.     A **JURY TRIAL** IS DEMANDED.

       WHEREFORE, Plaintiff Joanne Mowod respectfully requests that judgment be entered in her favor against the Defendants, Pittsburgh Business Times and American City Business Journals, and that the Court:

      a.     Enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA;

      b.     Permanently enjoin the Defendants, Pittsburgh Business Times and American City Business Journals, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

      c.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices, etc. do not discriminate or permit harassment on the basis of age;

      d.     Reinstate Plaintiff to her previous position;

      e.     Adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which she would be enjoying but for the discriminatory

practices and actions of the Defendants, Pittsburgh Business Times and American City Business Journals;

f. Compensate and make Plaintiff whole for all earnings, salary, wages, and other benefits she would have received but for the discriminatory practices and actions of the Defendants, Pittsburgh Business Times and American City Business Journals;

g. Order that the Defendants destroy all derogatory comments and discipline files regarding Plaintiff and expunge all references to the circumstances of any such discipline;

h. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and costs of suit;

i. Grant such other relief as may be just and proper including but not limited to a grant of compensatory, liquidated, exemplary and punitive damages; and

h. Protect Plaintiff from further retaliation.


COUNT II
RETALIATION

26. Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-25, inclusive, as if the same were fully set forth at length herein.

27. After Plaintiff exercised her statutorily protected rights under the ADEA, 29 U.S.C. 623(d), by filing an internal complaint of discrimination, Defendants retaliated against her by escalating their harassment and ultimately terminating her employment.

28. The Defendants, Pittsburgh Business Times and American City Business Journals, allowed employees to retaliate against Plaintiff by continuing and, indeed, increasing the level of harassment against the Plaintiff; subjecting Plaintiff to a different standard than other younger employees; routinely ridiculing Plaintiff; failing to investigate Plaintiff's complaints of discrimination; and otherwise seeking to coerce Plaintiff from, and retaliate against her for, the

exercise of her rights to be free from discrimination, which conduct constituted unlawful retaliation in violation of the said Act, to wit, the ADEA.

29.     As a result of the Defendants' actions and inactions, Plaintiff has suffered and will continue to suffer, humiliation, loss of employment and associated benefits of the same including, but not limited to, salary, vacation pay, medical, dental and vision insurance and other emoluments of employment.

30.     Defendants have repeatedly retaliated against Plaintiff and others who have opposed and spoken out against the discriminatory atmosphere promulgated by the Defendants, Pittsburgh Business Times and American City Business Journals.

31.     A **JURY TRIAL** IS DEMANDED.

WHEREFORE, the Plaintiff Joanne Mowod respectfully requests that judgment be entered in her favor, and against the Defendants, Pittsburgh Business Times and American City Business Journals, in an amount sufficient to make her whole for all losses and damages set forth above, together with an award of such other and further injunctive and equitable relief as the Court may allow, attorneys' fees, pre and post judgment interest and costs of suit.


COUNT III
PENNSYLVANIA HUMAN RELATIONS ACT

32.     Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-31, inclusive, as if the same were fully set forth at length herein.

33.     This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. §951, et seq. (Pennsylvania Human Relations Act ("PHRA")) and this Court has, and should exercise pendent jurisdiction over the same because the cause of action complained of in this Third Count arises out of the same facts, events and circumstances as the First and Second

Counts and, therefore, judicial economy and fairness to the parties dictate that this Count be brought in the same Complaint.

34.     By discriminating against the Plaintiff without just cause or legal excuse and solely because of her age, the Defendants, Pittsburgh Business Times and American City Business Journals, violated the provisions of Title 43 P.S. §955 which prohibits discrimination based upon age with respect to compensation for, continuation in and tenure of, employment.

35.     The Defendants' actions in discriminating against the Plaintiff were taken and done despite the Plaintiff's experience and qualifications which made her the most able and competent employee to provide services for the Defendants in a number of available positions including, but not limited to, the position she held at the time of her termination.

36.     As more fully set forth in Count I, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, and will continue to suffer the same for the indefinite future.

37.     A **JURY TRIAL** IS DEMANDED TO THE EXTENT THE SAME MAY BE PERMITTED BY LAW.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor and against the Defendants for all of the relief sought in Counts I and II, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit in this Third Count.

Respectfully submitted,


s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
SCANLON & SANSONE
2300 Lawyers Building
Pittsburgh, Pennsylvania 15219
(412) 281-9194

John W. Murtagh, Jr., Esquire
PA ID No. 16726
MURTAGH & CAHILL
110 Swinderman Road
Wexford, Pennsylvania 15090
(724) 935-7555